UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-5-BR
No. 7:12-CV-335-BR

| | |
|---|---|
| BRANDON LEE MCMILLIAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's 28 U.S.C. § 2255 motion. (DE # 67.) The government filed a response to the motion. (DE # 70.)

Prior to being charged with federal offenses and relevant to the instant motion, petitioner was convicted of larceny and possession of cocaine in North Carolina state court. (PSR ¶¶ 14, 18; Pet., Attach., DE # 67-1.) Those offenses are Class H and Class I felonies, respectively, under North Carolina law. N.C. Gen. Stat. §§ 14-72(a), 90-95(a)(3), (d)(2). On the larceny conviction, with a prior record level of I, petitioner faced a presumptive minimum term of imprisonment of five to six months, with a corresponding maximum term of imprisonment of six to eight months.[1] N.C. Gen. Stat. § 15A-1340.17(c), (d) (2009). On the possession of cocaine conviction, now with a prior record level of II, petitioner faced a presumptive minimum term of imprisonment of four to six months, with the corresponding maximum term of imprisonment of five to six months.[2] Id.

---

[1] Petitioner was sentenced to five to six months imprisonment which was suspended for probation. (PSR ¶ 14.) His probation was subsequently revoked, and the suspended sentence was activated. (Id.)

[2] Petitioner was sentenced to five to six months imprisonment which was suspended for probation, but petitioner elected to serve the active sentence in lieu of probation. (PSR ¶ 18.)

In 2008, petitioner was charged in this court by way of a superseding indictment with four counts of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). Subsequently, pursuant to plea agreement, he pled guilty to two of those counts. After an evidentiary hearing, on 1 December 2008, the court sentenced petitioner to a total term of 240 months imprisonment. Petitioner appealed, but, by mandate issued 6 August 2009, the Fourth Circuit Court of Appeals dismissed the appeal. (DE ## 58-60.)

On 28 November 2012, petitioner filed the instant motion, claiming that his "prior North Carolina convictions for larceny and possessing cocaine are not felonies for purposes of § 922(g)(1) because [he] could not have been imprisoned for more than one year for these offenses" in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (Mem., DE # 67-2, at 3 (footnote omitted).) He requests that his conviction and sentence be vacated. (Pet., DE # 67, at 14.)

In response, the government acknowledges that petitioner's "prior felony convictions were not punishable by a term of imprisonment exceeding one year;" waives any statute of limitations defense; and, recognizes that petitioner was erroneously convicted of being a felon in possession of a firearm. (Resp., DE # 70, at 2-3.)

The court agrees that petitioner is entitled to relief. Accordingly, the motion is GRANTED. The judgment entered 5 December 2008 is hereby VACATED. Petitioner is

2

Case 7:08-cr-00005-BR   Document 71   Filed 12/14/12   Page 2 of 3

ORDERED to be released from federal custody, subject to pending detainers, if any.

This 14 December 2012.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　W. Earl Britt
　　　　　　　　　　　　　　　　　　　　　　　　　Senior U.S. District Judge